**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR FIEL TAVARES LEITE, | No. 10-73146 |
| Petitioner, | Agency No. A079-632-181 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of a Final Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2014
San Francisco, California

---

   \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: GOULD and WATFORD, Circuit Judges, and MARTINEZ, District

Judge.**

Cesar Fiel Tavares Leite ("Leite"), a native and citizen of Brazil, petitions

for review of an order of the Board of Immigration Appeals ("BIA") reaffirming

upon remand from us the denial of Leite's application for withholding of removal

under 8 U.S.C. § 1231(b)(3).[1] We have jurisdiction to review a final order of the

BIA under 8 U.S.C. § 1252(a), and we deny the petition for review.

Leite asks us to reverse the BIA's precedential determination that the REAL

ID Act altered the burden of proof for withholding claims. The BIA held that the

"one central reason" nexus standard introduced by the REAL ID Act into the

asylum statute, 8 U.S.C. § 1158(b)(1)(B)(i), applies to Leite's application for

withholding of removal under 8 U.S.C. § 1231(b)(3)(A). Leite argues that the

BIA's decision ignores the Supreme Court's proscriptions, pursuant to *INS v.*

*Stevic*, 467 U.S. 407 (1984) and *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987), on

importing standards between the asylum and withholding statutes and that the

BIA's decision fails to give the required effect to Congress's omission of the "one

**     The Honorable Ricardo S. Martinez, U.S. District Judge for the Western District of Washington, sitting by designation.

[1] Although Leite also applied for asylum and protection under the Convention Against Torture, Leite did not raise these issues in the instant petition for review, which solely contests the BIA's decision on his withholding claim. Accordingly, these issues are considered waived. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

central" reason standard from the latter. We need not reach Leite's argument that the BIA's decision requires reversal under the first step of *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984), because substantial evidence supports the BIA's determination that Leite failed to meet the nexus requirement even in its less stringent, pre-REAL ID Act iteration.

Despite its conclusion that the "one central reason" standard applies, the BIA held that Leite's withholding claim would fail even if he was only required to show that the persecution he faces is motivated "at least in part" by his alleged or imputed political opinion or membership in a particular social group. *See Sinha v. Holder*, 564 F.3d 1015, 1021 & n. 3 (explaining pre-REAL ID Act standards). We agree.

First, substantial evidence supports the BIA's determination that Leite's particular acts of whistleblowing did not constitute the claimed expression of political opinion. Leite's criticism of his wealthy former employer, Francisco Dantas, was directed toward this single individual's involvement in the murder of an American expatriate and not to a corrupt governmental apparatus or operation. *Cf. Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir. 2004). The fact that Dantas was a politician is "merely incidental" and "does not compel a conclusion that [Leite] was persecuted on account of any political opinion" that Dantas imputed to him. *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001). So too, Leite

fails to adduce evidence that the extortion scheme he exposed stretched beyond the aberrational acts of two police officers, whose suspension bolsters the finding that the officers' conduct represented a departure from standard practice. The nexus requirement is not met where, as here, retaliatory threats are of a personal nature and "completely untethered to a governmental system." *Grava v. INS*, 205 F.3d 1177, 1181 n. 3 (9th Cir. 2000).

Second, Leite's arguments with respect to persecution on account of his membership in a particular social group are similarly unpersuasive. The BIA did not reach the question of whether the asserted social group of opponents of governmental corruption would be cognizable under the INA but instead determined that Leite had failed to demonstrate that he experienced persecution, even in part, because of his imputed membership in this group and not simply on account of the desires of two police officers and a former employer for personal retribution. The record does not "compel[] a reasonable factfinder to conclude that the [BIA's] decision is incorrect." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**